UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER LEE CORNELL,            Case No. 1:19-cv-698
     Plaintiff,                                                 Barrett, J.
                                                                               Litkovitz, M.J.

    vs.

FOX NEWS NETWORK, et al.,                **REPORT AND**
     Defendants.                                              **RECOMMENDATION**

Plaintiff, an inmate confined at the Fairton Federal Correctional Institution in Fairton, New Jersey, brings this pro se civil action against media entities and a reporter, including defendants Fox News Network, Fox 19 News, Tricia Mackie, and "Any Subsidiary Company—WXIX News" for defamation. (Doc. 1). This matter is before the Court on plaintiff's motion for leave to file an amended complaint (Doc. 18) and defendants Gray Media Group and Tricia Mackie's response in opposition (Doc. 19). This matter is also before the Court on defendants Gray Media Group and Tricia Mackie's motion to dismiss (Doc. 11) and defendant Fox News Network, LLC's ("FNN") motion to dismiss (Doc. 13).[1]

**I. Motion to Amend (Doc. 18)**

In response to defendants' motion to dismiss, plaintiff requests leave to file an amended complaint. Plaintiff states that "the proposed amended complaint sets forth addition[al] facts that adequately respond to the concerns raised in the motion." (Doc. 18 at 1).

In response, defendants argue that plaintiff's motion should be denied because his proposed amended complaint is futile. (Doc. 19 at 1). Defendants argue that the proposed

---

[1] Defendants "Gray Media Group" (composed of Gray Media Group, d/b/a WXIX (which defendants state was wrongly named as Fox News Network), Fox 19 News (Local Affiliate), and "any subsidiary company—WXIX News) and Tricia Mackie have filed a separate motion to dismiss from defendant Fox News Network, LLC. (Docs. 11, 13).

amended complaint confirms that plaintiff's claims are time-barred by the one-year statute of limitations for defamation claims and that complete diversity is lacking in this case. (*Id.*).

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, he must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff's motion for leave to file an amended complaint should be denied as futile. The proposed amended complaint reveals that diversity jurisdiction of the Court under 28 U.S.C. § 1332(a) is lacking. In order for diversity jurisdiction under § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). For purposes of diversity jurisdiction, a person is a citizen of a state in which he is

domiciled. *Walling v. Wagner*, No. 3:14-cv-406, 2015 WL 400640, at *3 (S.D. Ohio Jan. 28, 2015) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). "[T]here is a rebuttable presumption that a prisoner retains his former domicile after incarceration," rather than acquiring a new domicile when he is incarcerated in a different state. *Id.* (quoting *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001) (citing *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973)). Here, while plaintiff is currently incarcerated in New Jersey, he alleges in the proposed amended complaint that he is and was a citizen of Hamilton County, Ohio. (Doc. 18-1 at ¶ 1). Plaintiff makes no allegations that he considers New Jersey to be his current domicile, or that he intends to remain in New Jersey after he is released from prison. Accordingly, the Court considers plaintiff to be a citizen of Ohio as he has not overcome the presumption that he maintains his pre-incarceration domicile of Ohio. *See Walling*, 2015 WL 400640, at *4. Because plaintiff is a citizen of Ohio, there is no complete diversity of citizenship since he alleges that defendants Tricia Mackie and Fox 19 Now are also Ohio citizens. 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over the state law claims plaintiff alleges in the proposed amended complaint.

Second, the Court does not have federal question jurisdiction over the proposed amended complaint against the defendants. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The proposed amended complaint alleges defamation claims against defendants in relation to articles published about plaintiff on March 7,

3

2016 and July 7, 2016. (Doc. 18-1 at ¶¶ 9-15).[2] The proposed amended complaint also alleges that defendants violated a Court order by contacting plaintiff for an interview in March 2015 without the express approval of his defense attorney and by publishing the contents of the interview "out of context." (*Id.* at ¶¶ 29-31). These factual allegations do not give rise to any federal statutory or constitutional provision that would invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Because the proposed amended complaint fails to establish complete diversity of citizenship among the parties or a basis for federal question jurisdiction, the Court lacks subject matter jurisdiction over this matter. Even if the Court had subject matter jurisdiction, plaintiff's claims are time-barred. Under Ohio law, defamation claims must be brought within one year of the publication. Ohio Rev. Code § 2305.11(A). *See also T.S. v. Plain Dealer*, 954 N.E.2d 213, 214 (Ohio Ct. App. 2011). The one-year statute of limitations also applies in cases involving allegations that would support both a defamation and false-light invasion of privacy claim. *Murray v. Moyers*, No. 2:14-cv-02334, 2015 WL 5626509, at *4 (S.D. Ohio Sept. 24, 2015). *See also Stainbrook v. Ohio Sec'y of State*, 88 N.E.2d 1257, 1265 (Ohio Ct. App. 2017). The allegations in Counts One, Two, and Three of the proposed amended complaint stem from publications on March 7, 2016 and July 7, 2016. The allegations in Count Four stem from a March 5, 2015 jail interview with Fox 19 and Tricia Mackie, which plaintiff alleges was obtained in violation of a Court order and published "out of context and invaded [his] right to

---

[2] Though plaintiff does allege "defamation" specifically, the proposed amended complaint alleges that defendants "acted with knowledge of falsity of the statements made" in both articles or with reckless regard of their truth or falsity, which injured plaintiff's reputation. (Doc. 18-1 at ¶¶ 17, 19, 22, 23). These allegations sound in defamation, which, under Ohio law includes these elements: (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement. *Croce v. New York Times Co.*, 345 F. Supp. 3d 961, 974 (S.D. Ohio 2018) (quoting *Am. Chem. Soc'y v. Leadscope, Inc.*, 978 N.E.2d 832, 852 (Ohio 2012) (internal quotation omitted)), *aff'd*, 930 F.3d 787 (6th Cir. 2019).

privacy and showed him in a false light." (Doc. 18-1 at ¶ 31). Plaintiff did not file this action until August 2019. His defamation claims are time-barred by over three years, and his false light invasion of privacy claim is time-barred by over four years. For these reasons, it would be futile to allow plaintiff to file an amended complaint. Accordingly, plaintiff's motion for leave to file an amended complaint (Doc. 18) should be **DENIED**.

## II. Motions to Dismiss (Docs. 11, 13)

Defendants Gray Media Group and Tricia Mackie and defendant FNN move to dismiss plaintiff's claims for several reasons, including lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) (Docs. 11, 13).[3] "'Customarily a federal court first resolves doubts about its jurisdiction over the subject matter' of a case before proceeding to the personal jurisdiction inquiry." *State of Ohio v. Ultracell Corp.*, No. 2:16-cv-187, 2017 WL 430731, at *1 (S.D. Ohio Jan. 30, 2017) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999)). The Court will therefore consider defendants' subject matter jurisdiction challenge first.

Under Fed. R. Civ. P. 12(b)(1), a party may attack a complaint for lack of subject matter jurisdiction. There are generally two types of motions challenging subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted), *abrogated on other grounds by Lumbar v. City of Ann Arbor*, 913 F.3d 585 (6th Cir. 2019). A Rule 12(b)(1) motion can attack a party's claim of jurisdiction on its face or the motion can attack the factual basis for a claim of jurisdiction. *Id.* A facial attack questions the

---

[3] Plaintiff has not filed a response in opposition to either motion. On October 21 and 22, 2019, the Court sent plaintiff notices advising him that his failure to file a response in opposition to the motions to dismiss could warrant dismissal. (Docs. 12, 15). Plaintiff did file a motion for leave to amend; however, given that the Court has recommended its denial, the Court will proceed with deciding the motions to dismiss.

sufficiency of the pleading. *Campbell v. Miller*, 835 F. Supp. 2d 458, 463 (S.D. Ohio 2011) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)).  When reviewing this type of challenge to the court's jurisdiction, the court must take the allegations in the complaint as true and construe the complaint in a light most favorable to the non-moving party. *Id*. (citing *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999)).

When a factual challenge is made under Rule 12(b)(1), the court considers evidence to determine if jurisdiction exists. *Id.* at 463-64 (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).  The trial court must weigh the conflicting evidence to make this determination. *Id.* (citing *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co*., 491 F.3d 320, 330 (6th Cir. 2007)).  When a factual attack is made, the non-moving party bears the burden of proving that jurisdiction exists. *Id.* (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)).  In such a case, there is no presumption of truthfulness on behalf of the non-moving party. *Id*. (citing *A.D. Roe Co., Inc.*, 186 F.3d at 722).

The instant motions to dismiss present a facial challenge to the complaint's assertion of federal jurisdiction.  Construing the complaint in the light most favorable to plaintiff, plaintiff has failed to plead an adequate basis to invoke this Court's diversity jurisdiction.  Plaintiff's complaint has two apparent defects.  First, it fails to plead the amount in controversy requirement of $75,000 as required by 28 U.S.C. § 1332(a).  The complaint also fails to present clear allegations that the case involves a sum in excess of $75,000.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) ("Failure to adequately plead the amount in controversy requirement may be cured by the presence of 'clear allegations . . . that the case involved a sum well in excess of the $75,000 minimum.'") (quoting *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998)).  *See also Evans v. Liberty Mut. Ins. Co.*, No. 18-2506, 2018 WL 5728517, at *4 (W.D.

6

Tenn. Aug. 20, 2018) (Report and Recommendation), *adopted*, 2018 WL 4329295 (W.D. Tenn. Sept. 11, 2018) (same, as applied to pro se plaintiff). Plaintiff's complaint seeks "an unspecified amount of damages," which is insufficient to meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). Second, plaintiff's complaint fails to establish complete diversity among the parties. As stated above, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc.*, 519 U.S. at 68. The complaint alleges that plaintiff is incarcerated in New Jersey; however, as explained above, plaintiff's citizenship for diversity jurisdiction purposes is where he was domiciled prior to his incarceration. Records from plaintiff's criminal case show that plaintiff resided in Cincinnati, Ohio prior to his arrest. (Doc. 11-1 at 5).[4] Therefore, the Court presumes that plaintiff is a citizen of Ohio even though he is currently incarcerated in New Jersey. As defendant FNN argues, at least one defendant in this action, Fox 19, is also a citizen of Ohio because it maintains its principal place of business in Cincinnati. (Doc. 13 at 8) (citing FCC, *WXIX-TV Station Information*, https://publicfiles.fcc.gov/tv-profile/wxix-tv; 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business")). Therefore, there is no complete diversity of citizenship between the parties. The complaint also provides no basis for federal question jurisdiction as it alleges no federal statutory or constitutional provisions that would give rise to an actionable claim for relief against defendants. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's complaint

---

[4] In ruling on a motion to dismiss, the Court "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [a] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)*; Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

and defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(1) (Docs. 11, 13) should be **GRANTED**.[5]

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 18) be **DENIED.**

2. Defendants Gray Media Group and Tricia Mackie's motion to dismiss (Doc. 11) be **GRANTED**.

3. Defendant Fox News Network, LLC's motion to dismiss (Doc. 13) be **GRANTED**.

4. This case be **CLOSED** on the docket of this Court.

Date: 8/6/2020

Karen L. Litkovitz
United States Magistrate Judge

---

[5] The Court declines to consider whether dismissal is also warranted under Fed. R. Civ. P. 12(b)(2) and (b)(6).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER LEE CORNELL,     Case No. 1:19-cv-698
    Plaintiff,     Barrett, J.
    Litkovitz, M.J.

vs.

FOX NEWS NETWORK, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).