IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE CORNELL, | : | Case No. 1:19-cv-00698 |
| Plaintiff, | : : | Judge Michael R. Barrett |
| v. | : : | **ORDER ADOPTING AUGUST 6, 2020 REPORT AND RECOMMENDATION** |
| FOX NEWS NETWORK, *et al.*, | : : | **OF THE MAGISTRATE JUDGE AND DENYING PLAINTIFF'S SECOND** |
| Defendants. | : : | **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

This matter is before the Court on the August 6, 2020 Report and Recommendation (R&R) of the Magistrate Judge. (Doc. 21). The R&R recommends denying Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 18) and granting the separate Motions to Dismiss filed by Defendants Gray Media Group (d/b/a WXIX) and Tricia Mackie (Doc. 11) and Defendant Fox News Network, LLC (Doc. 13).

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff failed to file objections, but, within the 14-day period to file objections, instead filed a paper captioned "Opposition to Defendants Motion to Dismiss." (Doc. 22). As discussed below, the Court will interpret Plaintiff's "Opposition" as a second motion for leave to file an amended complaint.

1

### I. BACKGROUND

Plaintiff, who proceeds *pro se*, alleges various state common law claims against Fox News Network, its local affiliate Fox 19 News (WXIX) and Fox 19 employee Tricia Mackie. (Doc. 1). Defendants move to dismiss these claims, arguing a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Docs. 11, 13). Plaintiff failed to file a response in opposition to these motions to dismiss, but, instead, filed a motion for leave to file an amended complaint. (Doc. 18). Defendants Gray Media Group (d/b/a WXIX) and Tricia Mackie filed a memorandum in opposition to Plaintiff's motion for leave to amend. (Doc. 19).

The Magistrate Judge recommends that Plaintiff's motion for leave to amend be denied, because the amended complaint he proposes would be futile. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) ("In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and **futility of amendment**.") (emphasis added). It would be futile, the Magistrate Judge explains, because diversity jurisdiction under 28 U.S.C. § 1332(a) is lacking. For diversity jurisdiction to lie, diversity must be complete, meaning that the citizenship of the plaintiff must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff currently is confined at Fairton Federal Correctional Institution in New Jersey, but alleges in his proposed amended complaint that he, as well as Defendants Gray Media Group (d/b/a WXIX) and Tricia Mackie, are

2

all Ohio citizens.[1]  Complete diversity of citizenship, therefore, does not exist.  The Magistrate Judge further explains that the Court does not have federal question jurisdiction over the proposed amended complaint against Defendants, because it fails to allege a violation of any federal statutory or constitutional provision.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Finally, the Magistrate Judge notes that even if the Court had subject matter jurisdiction—because the proposed amended complaint had established either complete diversity of citizenship among the parties or a basis for federal question jurisdiction—leave to amend still should be denied.  Amendment would be futile because Plaintiff's state common law claims are all time-barred.

The same analysis informs the Magistrate Judge's recommendation that Defendants' motions to dismiss, which present a facial challenge to the Complaint's assertion of subject matter jurisdiction, be granted.  Not only does Plaintiff fail to establish complete diversity between the parties, he likewise fails to plead the necessary amount in controversy requirement of $75,000.  28 U.S.C. § 1332(a).  Nor does the Complaint allege violation of any federal statutory or constitutional provision that would give rise to an actionable claim for relief against Defendants.  Dismissal under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, is therefore warranted.

---

[1] "[T]here is a rebuttable presumption that a prisoner retains his former domicile after incarceration," rather than acquiring a new domicile when he is incarcerated in a different state.  *Walling v. Wagner*, No. 3:14-cv-406, 2015 WL 400640, at *4 (S.D. Ohio Jan. 28, 2015) (quoting *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001) (citing *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973)).

## II. ANALYSIS

### A. The August 6, 2020 R&R

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Here, Plaintiff has failed to object to the August 6, 2020 R&R. Nonetheless, out of an abundance of caution, the undersigned has reviewed the matter de novo and finds the analysis contained within the R&R to be well-reasoned and correct. Accordingly, the Court will adopt the R&R in its entirety.

### B. Plaintiff's "Opposition to Defendants Motion to Dismiss"

As noted earlier, Plaintiff failed to file objections to the August 6, 2020 R&R, but, within the 14-day period to file objections, instead filed a paper captioned "Opposition to Defendants Motion to Dismiss." (Doc. 22). This document takes the form of a complaint, in which Plaintiff "seeks to invoke the court's federal question jurisdiction authorized by 42 U.S.C. Section 1983, under color of state law, of rights secured by the Constitution of the United States." (*Id.* ¶ 1). He accuses Defendants—whom he claims "acted under the color of state law as state actors"—of Eighth Amendment violations. (*Id.* ¶¶ 1,6, 9, 13, 24, 26, 27). Defendants Gray Media Group (d/b/a WXIX) and Tricia Mackie filed a cursory reply to Plaintiff's Opposition, describing it as "procedurally improper and without merit." (Doc. 23).

4

Just as his first motion for leave to amend is properly denied because of futility, so, too, is Plaintiff's second such motion.  *See Brumbalough*, 427 F.3d at 1001.  To succeed on a Section 1983 claim, a plaintiff must establish that he was deprived of a right secured by the federal constitution *and* that the deprivation was caused by a state actor.  *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994).  Without more, Plaintiff alleges as fact the legal conclusion that Defendants are state actors.  However, "[m]any courts have found that media companies and their employees are not 'state actors.'"  *Riser v. WSYX-TV ABC-6*, No. C2-02-091, 2002 WL 31409427, at *5 (S.D. Ohio July 17, 2002) (collecting cases); *see Glenn v. Gardner*, No. 1:18CV02215, 2019 WL 2359130, at *2 (N.D. Ohio June 4, 2019) (finding that print and television reporters are not state actors).

The test for futility is whether the amended complaint could withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).  Plaintiff's second proposed amended complaint could not survive such a motion, because it does not state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Defendants are not state actors, and a Section 1983 claim without state actors fails as a matter of law.  *O'Brien*, 23 F.3d at 995.  Accordingly, Plaintiff's "Opposition to Defendants Motion to Dismiss," which the Court interprets to be a second motion for leave to file an amended complaint, will be denied.

## III. CONCLUSION

After a de novo review, the Court **ADOPTS** the Magistrate Judge's August 6, 2020 R&R in its entirety. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 18) is therefore **DENIED** and the Motions to Dismiss filed by Defendants Gray Media Group (d/b/a WXIX) and Tricia Mackie's (Doc. 11) and Defendant Fox News Network, LLC's (Doc. 13), based on a lack of subject matter jurisdiction, are both **GRANTED.** Plaintiff's "Opposition to Defendants Motion to Dismiss," which this Court interprets to be a second motion for leave to file an amended complaint, is **DENIED**. Finally, this case is closed and terminated from the Court's docket.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court